## VERUKI *v.* THE STATE.

ATKINSON, J. Upon the trial of one charged with keeping open a tippling-house on the Sabbath day, it was error for the judge to instruct the jury as follows: "This is a charge of keeping open a tippling-house on the Sabbath or Sunday. That is a State law, applies all over the State. It is not an ordinance you are acting under, and our Supreme Court have held time and again that if a man who keeps a barroom opens his door on that day he is guilty of the offense of keeping a tippling-house on Sunday. A man who keeps a barroom or tippling-house has got to be more careful than any other man in this State. It takes less to convict him than any other offense, because the law says if he keeps it open at

all, if he opens it at all, he violates the law. It is very different from the man opening his place on the Sabbath and doing business on the Sabbath and selling goods in the case of necessity or charity." Such a charge is argumentative and subject to the objection that it is calculated to leave the impression upon the minds of the jury that a conviction in such a case would be authorized under a less weight of evidence than the law requires in other criminal cases. The error committed in such instruction was so prejudicial as to require the granting of a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted December 18, 1906.—Decided January 15, 1907.

Accusation of keeping open tippling-house on the Sabbath day. Before Judge Norwood. City court of Savannah. October 26, 1906.

*Robert L. Colding,* for plaintiff in error.

*W. W. Osborne, solicitor-general,* contra.